78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Neil De Los Reyes TAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70477.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1995.
Decided Feb. 27, 1996.
 
 1
 Before: WALLACE, Chief Judge, THOMPSON, Circuit Judge, and THOMPSON, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Neil De Los Reyes Tan (Tan), a citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) order denying his applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h)(1). Tan alleges fear of persecution from the New People's Army (NPA) and contends the IJ erred in finding that Tan had not established a well-founded fear of persecution if he returns to the Philippines. We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and we deny review.
 
 
 4
 Since the BIA clearly incorporated the IJ's decision, the IJ's statement of reasons is treated as the BIA's and the IJ's decision is reviewed along with the BIA's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The BIA's decisions denying asylum are reviewed under a two tier standard. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). First, the BIA's underlying factual determinations are reviewed for substantial evidence. Id. Second, the BIA's ultimate denial of asylum is reviewed for abuse of discretion. Id.
 
 
 5
 To establish eligibility for asylum, Tan has the burden of showing that he has a well-founded fear of persecution in the Philippines on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158, 1101(a)(42); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Persecution is defined as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988).
 
 
 6
 Tan must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz, 984 F.2d at 1061. "The subjective component may be satisfied by an applicant's credible testimony that he genuinely fears persecution." Acewicz, 984 F.2d at 1061. "The inquiry requires 'a showing by credible, direct, and specific evidence of facts showing a reasonable fear of persecution' " on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (quoting Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994)).
 
 
 7
 The IJ found, based upon the evidence in the record and INS v. Elias-Zacarias, 502 U.S. 478 (1992), that Tan failed to demonstrate a well-founded fear of persecution. The Supreme Court in Elias-Zacarias held that forcible recruitment by guerrilla forces does not necessarily constitute persecution on account of political opinion. Id. at 482. A petitioner must show that he has a "well-founded" fear that the guerrillas will persecute him because of his political opinion and not just because of his refusal to fight with them. Id. at 483. Under Elias-Zacarias, the petitioner must produce some evidence, either direct or circumstantial, of his persecutors' motives. Id. Additionally, the petitioner "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84.
 
 
 8
 This case falls squarely within the holding of Elias-Zacarias. Tan testified that he and his brother were given the choice of joining the NPA or death. Although Tan stated that he was on the government's side, he did not produce any evidence, either direct or circumstantial, that the NPA was aware of his political views or was persecuting him because of these views. Accordingly, there was substantial evidence to support the IJ and the BIA finding that Tan failed to show the requisite well-founded fear of persecution.
 
 
 9
 REVIEW DENIED.
 
 
 
 *
 Honorable Gordon Thompson, Jr., Senior District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3